IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**STEVE RUIZ,**

**Plaintiff,**

**v.**                                                       **CIV 12-00589 WDS/LFG**

**ALLSTATE INSURANCE COMPANY,**

**Defendant.**

### ORDER DENYING PLAINTIFF'S
### MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Plaintiff Steve Ruiz' Motion for Summary Judgment. [Doc. No. 18] Plaintiff seeks summary judgment in his claim for breach of contract against Defendant Allstate Insurance Company. ("Allstate") Allstate has opposed the motion, and Plaintiff has filed a reply brief.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's house and belongings were destroyed by fire. Plaintiff had a homeowners insurance policy issued by Allstate. Plaintiff submitted a claim under the policy and Allstate denied coverage for the loss under an exclusion in the policy for vandalism or malicious mischief to a building that is vacant or unoccupied for more than 30 days prior to the loss. Plaintiff filed this lawsuit in Second Judicial District Court, County of Bernalillo, State of New Mexico on May 2, 2012. Allstate removed the case to federal court on May 30, 2012. Both parties have consented to the undersigned conducting dispositive proceedings in this case. A Rule 16 Scheduling Conference was held on July 17, 2012. This motion was filed on August 20, 2012 and is supported by the affidavit of Plaintiff. Plaintiff alleges that there are no questions of fact that would preclude the entry of summary judgment in favor of Plaintiff at this time.

Allstate opposes the motion, alleges that there are questions of fact, and supports its opposition with the affidavits of counsel and Allstate's cause and origin expert. Defense counsel submitted a Rule 56(f)[1] affidavit, identifying issues of fact that he anticipates will be identified during discovery.

**DISCUSSION**

Fed. R. Civil Proc. 56(d) reads as follows:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

When seeking relief under this rule, a party must provide an affidavit identifying the probable facts that are not available, list the steps taken to obtain these facts, and explain how the additional time will enable the party to rebut the movant's allegation that there is no genuine issue of fact. *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992). In the Court's opinion the affidavits submitted by Allstate are more than sufficient to meet the standard for Rule 56(d). Furthermore, Plaintiff's motion was filed very early in the case, and notably before the deposition of Plaintiff himself. While Plaintiff supplied an affidavit in support of the motion, that affidavit can only be considered self-serving in that Defendant had no opportunity to cross-examine the assertions made in Plaintiff's affidavit.

Accordingly, rather than defer ruling on the motion, the Court opts to deny the motion

---

[1] The rule in question used to be 56(f) but is now 56(d).

without prejudice. Either party is entitled to file a dispositive motion, in accordance with the scheduling order in this matter.

IT IS THEREFORE ORDERED that Plaintiff Steve Ruiz' Motion For Summary Judgment [Doc. No. 18] is DENIED without prejudice.

_____
W. Daniel Schneider
United States Magistrate Judge